UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

JEAN PIERRE LAFFONT,

                              Plaintiff,

v.

SMARTEN MEDIA LLC,

                              Defendant.

------------------------------------------------------------- X

**ORDER GRANTING MOTION TO VACATE DEFAULT**

19 Civ. 9456 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Jean Pierre Laffont ("Plaintiff") brought this copyright infringement case against Defendant Smarten Media LLC ("Defendant"). Plaintiff alleges that his copyrighted photograph ran on Defendant's website without proper licensing or consent. The Clerk entered a certificate of default after Defendant failed to answer or otherwise move with respect to the complaint. Clerk's Certificate of Default (Mar. 10, 2020), ECF No. 15. No default judgment was ever entered. Defendant now moves to vacate default on the basis of mistake, inadvertence, or excusable neglect. Defendant's motion is granted.

        Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." In determining whether there is good cause, courts take into account "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

        Here, Defendant asserts that it did not receive a copy of the summons and complaint after they were served on the Office of the Secretary of State of New York. After Defendant's principal, Michael Martin, became aware of the lawsuit via other means, and prior to securing representation by counsel, Martin discussed a potential resolution with Plaintiff's

counsel. Martin mistakenly believed from those discussions that Plaintiff would drop his lawsuit.

I hold that there is good cause to set aside default on the basis of Defendant's mistaken belief that it did not need to respond to the complaint. First, default was not willful. In this context, willfulness "refer[s] to conduct that is more than merely negligent or careless," and may be found "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Defendant asserts that it never received personal service of the summons and complaint despite proper service on the Secretary of State, and its failure to act after learning of the complaint was based on a misunderstanding about Plaintiff's intentions and the litigation process. Furthermore, "a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." *Johnson v. N.Y. Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018).

Second, there is no reason to believe that setting aside default would prejudice Plaintiff. While Defendant's default delayed the progress of this litigation, "delay standing alone does not establish prejudice." *Enron Oil*, 10 F.3d at 98. Indeed, given Plaintiff's failure to respond to Defendant's motion despite ample time to do so, I assume he does not oppose vacatur of default.

Finally, Defendant has set forth numerous defenses it plans to assert, including unavailability of statutory damages, fair use, implied license, and statute of limitations defenses. In consideration of these factors and this Circuit's "strong preference for resolving disputes on the merits," vacatur of default is appropriate. *Johnson*, 324 F.R.D. at 69-70 (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

Accordingly, Defendant's motion, ECF No. 15, is granted. The Clerk's certificate of default, ECF No. 11, is hereby vacated. Defendant shall answer or otherwise respond to the

complaint by October 6, 2020. The parties shall appear for an initial pretrial conference on October 16, 2020, at 10:00 a.m.

        SO ORDERED.

Dated:     September 15, 2020
             New York, New York

                                ALVIN K. HELLERSTEIN
                                United States District Judge